ELIZABETH SASH, DOOR AND SUPPLY COMPANY, Respondent, v. THE SAINT VINCENT'S HOSPITAL OF THE BOROUGH OF RICHMOND, Defendant, Impleaded with LIPPE CONTRACTING COMPANY and INDEPENDENCE INDEMNITY COMPANY, Appellants, and JAMES L. JOHNSON and Others, a Copartnership Doing Business as ATLANTIC PLASTERING COMPANY, and Another, Respondents.— Judgment in so far as appealed from and order unanimously affirmed, with one bill of costs and with disbursements to each respondent filing a brief. There was a question of fact as to whether the architect in passing on the requisition made by the subcontractor, Atlantic Plastering Company, about November 1, 1929, for payment for work completed at that date, and in making his independent estimate thereon, acted arbitrarily and in bad faith in not fairly, honestly and justly determining the correct percentage of work completed. We recognize the rule that evidence leading to that conclusion must be of clear and convincing character, for the reason that in a measure the parties have accepted the architect as the arbiter to determine the proportion of the work completed at any given time; and that a mere error in computation or judgment in estimating the sum due to the sub-

contractor at that stage of the work is not sufficient to justify abandonment of the work for non-payment of the full amount the subcontractor deems due him at the time. On the part of the architect it is essential that he act in a judicial manner, not hastily or capriciously, and that he apply reasonable care and good judgment in making his estimates, that he may not deal unjustly with the subcontractor, who is entitled to a fair payment that he may meet his payrolls, pay for material and go forward with his contract unhampered by lack of funds fairly due him. Any other course would put it within the power of the architect to prevent performance or fulfillment of the contract as a matter of mere whim, caprice or neglect of the duty with which he is charged. There was evidence offered by appellants justifying the estimate made by the architect. On the other hand, there was evidence on the part of the respondents showing that the estimate was so inaccurate and inadequate as to permit the conclusion that it was not made in good faith by one who should have been animated by a purpose to turn over to the subcontractor an amount fairly and justly due under the contract at that state of completion. There was further evidence that the requisition of $18,500 made about November first was made at the instance of the contractor, one of the appellants, on the basis that the work was practically fifty per cent completed. It did not furnish these facts to the architect so that the latter might have had the estimate of the contractor in addition to the purely visual observations he had made when he estimated the contract for lathing and plastering at only twenty-five per cent completed. We accept the findings of the official referee on this controverted question. He saw and heard the witnesses and had opportunity to weigh and consider the testimony in connection with many documents and exhibits. Evidently he accepted the admissions of the officers of the defendant in respect to the percentage of work completed on November first. This deliberate and unbiased determination we deem of more value than plausible computations and deductions made by taking portions of the evidence, including figures of experts made after the work had been completed, by which means a contrary conclusion might be reached. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.