BEATRICE FORTGANG et al., Respondents, *v*. CHASE MANHATTAN BANK et al., Appellants.

Second Department, December 4, 1967.

*McLaughlin, Fiscella & Biancheri* for appellants.

*Per Curiam.*  Motion by the appellants to stay the trial of the issue of damages pending appeal from an interlocutory judgment.

In this negligence action the issues of liability were separately tried before a jury, which found a verdict for the plaintiffs.  The interlocutory judgment was entered on the verdict; and it set the case down for an assessment of damages.

In *Bliss* v. *Londner* (20 A D 2d 640 [Jan. 6, 1964]) we held that, following a nonjury trial of the issues of liability only, an order finding in favor of the plaintiff and directing a subsequent trial of the issue of damages was not appealable.  In *Hacker* v. *City of New York* (25 A D 2d 35 [Jan. 20, 1966]) the Appellate Division, First Department, made a contrary determination on the same question.

In the instant motion there is presented to us an interlocutory judgment which, under CPLR 5701 (subd. [a], par. 1) would appear to be a determination appealable as of right.

We have re-examined our policy as enunciated in *Bliss* (*supra*) and considered it in light of the contrary determination made by the First Department in *Hacker* (*supra*).  We now conclude that, in the further interests of the administration of justice and for greater uniformity in appellate practice between the Appellate Divisions of these adjacent Departments, our new

procedure as to appeals in so-called split trials is established as follows:

Where a court orders a trial of the issues of liability prior to a trial of the issue of damages and there is a finding in favor of the plaintiff on the issues of liability, this court will entertain an appeal from such determination; and

(a) Such appeal shall lie as of right whether the split trial determination was by the court or a jury; and

(b) Such appeal shall lie as of right whether the appeal is from an order or an interlocutory judgment entered on the determination.

Where a motion is made to set aside such determination on the issues of liability or for judgment notwithstanding the verdict or decision pursuant to CPLR 4404, and that motion is denied, it is our opinion that an appeal would not lie from an order entered on the decision upon such motion, whether the motion is made orally or on written papers and notice of motion (*Covell* v. *H. R. H. Constr. Corp.*, 24 A D 2d 566, affd. 17 N Y 2d 709). The proper practice would be to enter an order or interlocutory judgment on such determination of the issues of liability and to take an appeal from such order or judgment.

Having determined that the interlocutory judgment in the instant action is appealable, we deem it a proper exercise of discretion in the present case to grant the appellants' motion for a stay of the trial of the issue of damages, on condition that the appeal be perfected for the February 1968 Term of this court.

BRENNAN, Acting P. J., RABIN, HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Motion granted on the condition stated below. Appellants must perfect their appeal for the February Term, which begins January 29, 1968; appeal ordered on the calendar for said term. The record and appellants' brief must be served and filed before January 5, 1968; and respondents' brief must be served and filed before January 25, 1968.