■ GEORGE M. SNYDER, Appellant, v. SPRING ROCK COUNTRY CLUB, INC., et al., Respondents.— Judgment of the Supreme Court, Nassau County, dated July 8, 1966 reversed, on the law and the facts, and new trial granted on the issue of damages, with costs to abide the event, unless, within 30 days after entry of the order hereon defendants shall serve and file a written stipulation consenting to increase the amount of the verdict in plaintiff's favor from $3,500 to $10,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so increased and amended, is affirmed, without costs. In our opinion, the amount of the verdict was inadequate to the extent indicated. Appeal from order of said court dated July 19, 1966 dismissed, without costs. The determination in the order is considered a trial ruling which is not separately appealable, but which may be, and has been, reviewed on the appeal from the judgment (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5701.04– 5701.18). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

---

## THIRD DEPARTMENT, DECEMBER, 1967

### (December 4, 1967)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER FAISON, Petitioner, v. DANIEL J. McMANN, as Warden of Clinton Prison, Respondent.— Motion for reargument of denial of application for a writ of habeas corpus denied. (See *People ex rel. Faison* v. *McMann,* 28 A D 2d 1039.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. OSCAR LUIS FELICIANO, Petitioner, v. DANIEL J. McMANN, as Warden of Clinton Prison, Respondent.— Motion for reargument of denial of application for a writ of habeas corpus denied. (See *People ex rel. Feliciano* v. *McMann,* 28 A D 2d 1039.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK MICHAEL DELL, Appellant.— Motion to dismiss appeal granted. (Code Crim. Pro., § 517.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.