■ ELEANOR KRASNER, Respondent, v. JULES KRASNER, Appellant.— Order of the Supreme Court, Queens County, dated January 4, 1968, reversed, on the law, without costs, and motion and cross motion remitted to the Special Term for (1) a hearing on whether custody of the children should remain in plaintiff or be transferred to defendant and (2) a new determination (*Fernandez* v. *Fernandez*, 282 App. Div. 1043; *Bowman* v. *Bowman*, 19 A D 2d 857). The findings of fact below have not been affirmed. Brennan, Acting P. J., Benjamin and Munder, JJ., concur; Rabin and Hopkins, JJ., dissent and vote to affirm the order.

■ NORTHERN OPERATING CORP., Respondent, v. GEORGE ANOPOL, Appellant.— In an action for specific performance of a contract for the sale of certain real property (first cause of action) and for damages (second cause of action), defendant appeals from an order of the Supreme Court, Rockland County, dated June 10, 1967, which (1) denied his motion, made during defendant's case upon a nonjury trial, for a jury trial of the second cause of action, under CPLR 4103, and (2) directed the trial to proceed. Appeal dismissed, with $10 costs and disbursements. No appeal lies from an order made upon a ruling given during the course of a trial (10 Carmody-Wait 2d, New York Practice, §§ 70:37, 70:38). If the merits of the appeal were properly before us, we would affirm the order. At the close of plaintiff's main case, subject to the calling of an additional witness, defendant moved to dismiss the complaint. During the colloquy on the motion, plaintiff's counsel said he would limit his case to the cause for damages. The trial court did not actually dismiss the first cause, defendant proceeded with his case and, during examination of defendant's first witness, defendant made the motion for a jury trial of the second cause. In our opinion, the motion was not timely. Although it would in no event be necessary to decide whether defendant was entitled as a matter of right to a jury trial of the second cause, it appears unlikely that defendant had such right, since the second cause is essentially one seeking alternative relief and the major thrust of the case is in equity (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4101.37). Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.