■ LEONARD D. DUBOFF, Respondent, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from so much of an order of the Supreme Court, Kings County, entered May 12, 1969, as granted plaintiff's motion to the extent of dismissing the third affirmative defense in defendants' answer, i.e., that plaintiff's exclusive remedy is under the Workmen's Compensation Law. Order reversed insofar as appealed from, on the law and in the exercise of discretion, without costs; accordingly, the second ordering paragraph thereof, which dismissed the third affirmative defense, is stricken; motion to dismiss said defense denied; and an immediate trial, pursuant to CPLR 3211 (subd. [c]), is ordered of the single issue of whether plaintiff was an employee in a position as alleged in said defense at the time of his accident. In our opinion, the issue of plaintiff's employment could not be resolved on the affidavits constituting the record before us. If there is doubt as to the availability of a defense, it should not be dismissed (*Krantz* v. *Garmise*, 13 A D 2d 426). It seems to us that the record presents a separable issue exceptionally well suited to resolution by the procedure provided in CPLR 3211 (subd. [c]); for if plaintiff be found to have been an employee at the time of his accident the need for a plenary trial will have been obviated. On the other hand, should the issue be decided *contra*, a substantial saving of time will result on the plenary trial (cf. *Articolor Graphic Co.* v. *After Hours Books*, 32 A D 2d 548). For the present, we simply hold that the issue should not have been summarily decided (cf. *Tambascio* v. *Gioffre*, 27 A D 2d 940). Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.