■ In the Matter of MARIANNE LO CASTO, Respondent, v. ANTHONY LO CASTO, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Richmond County, dated October 9, 1973, which, upon a decision *inter alia* denying appellant's motion to dismiss the petition on the ground that said court no longer had jurisdiction, directed (1) the continuance of a prior order granting petitioner support of $40 per week and (2) appellant to pay $5 additional per week on arrears of $2,340. Order reversed, on the law, without costs, and motion to dismiss the petition granted. Where, as here, an action for divorce was commenced in the Supreme Court, the jurisdiction of the Family Court cannot thereafter be invoked to award support, unless the Supreme Court either referred the matter of support to the Family Court or petitioner is likely to become a public charge (Family Ct. Act, § 464; *Matter of Costa* v. *Costa*, 247 App. Div. 192, 193; "*Messina*" v. "*Messina*", 199 Misc. 695, 696). It is undisputed that the Supreme Court did not transfer the issue of support to the Family Court and the record fails to reveal facts sufficient to indicate that petitioner is likely to become a public charge. Accordingly, the award of support is invalid, as the Family Court did not properly acquire jurisdiction. In any event, the parties were no longer husband and wife on and after June 8, 1973, when a judgment of divorce was entered in the Supreme Court and so even if the Family Court had jurisdiction theretofore, such jurisdiction would then have terminated. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ In the Matter of ALYDA PANEK, Appellant, v. JOHN PANEK, Respondent.— In a proceeding for an upward modification of a prior support order, petitioner appeals from an order of the Family Court, Rockland County, dated December 20, 1973, which, after a hearing, dismissed the petition. Order reversed, on the law and in the interests of justice, without costs, and proceeding remitted to the Family Court (1) for a new hearing, at which there shall be full exploration of appellant's present physical condition, employability and earning power, and further consideration of respondent's present financial capability and (2) for a new determination. The questions of fact were not considered on this appeal. In our opinion, and in the light of an inadequate record, another hearing is required to develop all the facts on which an appropriate determination can be reached as to whether or not the present support provision should be increased. Gulotta, P. J., Latham, Cohalan, Benjamin and Munder, JJ., concur.

■ In the Matter of SKYLINER DINER CORP. et al., Respondents, v. BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants.— Appeal from an order of the Supreme Court, Nassau County, dated February 2, 1973. Appeal dismissed, with costs, on the court's own motion. A ruling made in the course of trial is not separately appealable. If we were not dismissing the appeal, we would affirm the order. Hopkins, Acting P. J., Brennan, Benjamin and Munder, JJ., concur.