taries, McKinney's Cons Laws of NY, Book 7B, CPLR, C3212:30, pp 447-448). Plaintiff is not entitled to a new trial limited to the issues of fact as to defendants' liability in excess of $2,500. We hold, however, that under the circumstances of this case the trial court abused its discretion in not granting a new trial on all issues. (Appeal from order of Oneida Supreme Court—new trial.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ JAMES BRYANT, Respondent-Appellant, v UNIVERSITY OF ROCHESTER (STRONG MEMORIAL HOSPITAL) et al., Appellants-Respondents.—Appeals and cross appeals unanimously dismissed, without costs. Memorandum: On these appeals and cross appeals defendant hospitals seek reinstatement of the vacated order of Special Term, dated June 14, 1978, which incorporated the findings of the malpractice panel that with respect to the first cause of action of the complaint the panel unanimously agreed that none of defendants was negligent, and that with respect to the second cause of action, for negligence in failing to obtain plaintiff's informed consent for his treatment, the panel was unanimous in finding that defendant Genesee Hospital was not at fault. Because the panel did not agree with respect to the second cause of action against defendant Strong Memorial Hospital, plaintiff asked Special Term to amend the panel's recommendation to show no finding with respect to that hospital as to either cause of action; and plaintiff appeals because the court denied that aspect of his motion. We conclude that the order is not appealable (see CPLR 5701, subd [a], par 2). No application was made for permission to appeal, and had it been we think that it should have been denied. Section 148-a of the Judiciary Law was enacted to expedite the disposition of malpractice cases and reduce the cost of such litigation (Musso v Westfield Mem. Hosp., 64 AD2d 851). Entertaining appeals from such orders which have to do only with procedural and evidentiary matters would impede the intended effect of the statute (Graney Dev. Corp. v Taksen, 66 AD2d 1008; Matter of Skyliner Diner Corp. v Board of Assessors of County of Nassau, 45 AD2d 712). We have considered the merits of the appeals, however, and were we to reach them, we would affirm for the reasons expressed at Special Term, Siracuse, J. (Appeals from order of Monroe Supreme Court—vacate order.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ 149 CLINTON AVENUE NORTH et al., Appellants, v FIRST NATIONAL BANK OF ROCHESTER et al., Respondents. (Appeal No. 1.)—Appeal unanimously dismissed as moot. (Appeal from order of Monroe Supreme Court—strike note of issue.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.

■ 149 CLINTON AVENUE NORTH et al., Appellants, v FIRST NATIONAL BANK OF ROCHESTER et al., Respondents. (Appeal No. 2.)—Order unanimously affirmed, with costs (see 22 NYCRR 1024.13). (Appeal from order of Monroe Supreme Court—reargument.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.

■ ROBERT H. LAWLER, as Assignee of Clinton Station Restaurant, Inc., Appellant, v CLINTON STREET DEVELOPMENT PROPERTIES, INC., Respondent.—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from an order dismissing his complaint on the authority of Lawler v Clinton St. Dev. Props. (63 AD2d 827), the decision affirming dismissal of a prior complaint between the same parties. The prior complaint in a declaratory judgment action sought a declaration that the contract was in full force and effect, an order enjoining the defendants from selling, leasing or otherwise