■ In the Matter of ROBERT R. KAUFMAN, for Reinstatement. — Motion to vacate order of disbarment denied. Concur — Murphy, P. J., Kupferman, Sullivan, Carro and Lupiano, JJ.

## (March 18, 1982)

■ ZULMA P. KOPSTEIN, Appellant, v CITY OF NEW YORK et al., Respondents. — Appeal from an order of Supreme Court, Bronx County (Kent, J.), rendered at trial on October 6, 1980, excluding from evidence certain school and Bureau of Child Guidance documentary records proposed to be offered by plaintiff, marking the action off the calendar subject to plaintiff's motion to restore, and granting plaintiff permission to appeal, is dismissed as nonappealable, without costs. Plaintiff, a teacher, was assaulted and injured by a female student who allegedly had a propensity for violent behavior. Plaintiff proposed to introduce in evidence the student's pre and postincident school and Bureau of Child Guidance records allegedly demonstrating prior violent actions of the student, in furtherance of plaintiff's theory that defendants, City of New York and the Board of Education of the City of New York, were on notice of the student's proclivities and breached their obligation to alert plaintiff of this danger. After selection of the jury defendants orally moved to exclude the documentary evidence. The motion was made prior to openings, ostensibly to avoid reference to them in the openings. After hearing oral argument the Trial Justice granted the motion on the grounds of relevance and privilege. The order appealed from was entered to provide a vehicle for appeal. There is no appeal as of right from such an order, which is merely a ruling on the admissibility of evidence during a trial (CPLR 5701, subd [a], par 2). A ruling made during the course of trial on the admissibility of evidence is not separately appealable (*Matter of Skyliner Diner Corp. v Board of Assessors of County of Nassau,* 45 AD2d 712; *Northern Operating Corp. v Anopol,* 30 AD2d 690). Such rulings are reviewable on appeal from the judgment after trial (*Snyder v Spring Rock Country Club,* 29 AD2d 572; see, also, *Conklin v Montefiore Hosp. & Med. Center,* 74 AD2d 792, 793). The Trial Judge erred in granting leave to appeal from this intermediary order. The provisions of CPLR 5701 (subd [c]) for obtaining permission to appeal from an order which is not appealable as of right were not intended to permit intermediate appeals from evidentiary rulings during trial (see *Lee v Chemway Corp.,* 20 AD2d 266). Entertaining appeals from such orders, which consist only of procedural and evidentiary rulings during trial, would interfere with and impede the trial process (*Bryant v University of Rochester [Strong Mem. Hosp.],* 72 AD2d 965). We express no opinion on the merits of the rulings of the Trial Justice. The issue plainly invokes a variety of evidentiary rules. The ultimate rulings during the trial may very well depend on the status of the record at the time the particular evidence is offered. Concur — Murphy, P. J., Markewich, Silverman, Fein and Milonas, JJ.