OPINION OF THE COURT
Robert A. Harlem, J.
The plaintiffs move in this medical malpractice action to vacate portions of the report of the panel.
A medical malpractice panel was designated and convened pursuant to section 148-a of the Judiciary Law. Following presentation of all materials which counsel for the respective parties offered, a report was sent forth .finding that the Samaritan Hospital, Susan Hart and Cyril Cameron departed from the standard of care which should have been afforded to the plaintiff’s intestate, and further reported that the departure permitted a continuation of symptomatology and conscious suffering beyond that which would have otherwise been experienced, but it concluded that the negligence of these defendants did not hasten or contribute to the death of plaintiff’s intestate. With respect to the defendant Robert M. Kelleher, there was no unanimity as to his conduct, but all members of the *874 panel did agree that his negligence, if any, did not hasten or contribute to the death of plaintiff’s intestate.
It is the position of the plaintiffs that the panel exceeded its authority by expressing the conclusion that any negligence on the part of the hospital, Susan Hart, Cyril Cameron and/or Robert M. Kelleher did not hasten or contribute to the death of plaintiff’s intestate. It is contended by the plaintiff that conclusions concerning causation or damages do not fall within their realm of review, and they are limited exclusively to findings of “liability” or “no liability”.
Counsel for the plaintiffs cites Kletnieks v Brookhaven Mem. Assn. (53 AD2d 169) wherein, as part of the test of that decision it is said that panels need only make a recommendation with respect to “liability”. It is also noted in that determination that such criteria as proximate cause are not to be applied to a medical malpractice panel’s finding. While the quote attached by counsel for the plaintiff may superficially sustain his position, it is taken out of context. In that same decision the court makes the following observation (p 176): “It may reasonably be assumed that the panel’s composition (with a Judge and attorney member) insures that a finding of ‘liability’ necessarily includes a finding of ‘proximate cause’.”
It may seem trite to make the observation that section 148-a of the Judiciary Law was enacted to meet the chronic and burgeoning problems presented by the ever increasing number of medical malpractice actions. The creation of the panel was designed to expedite disposition of these matters and reduce the cost of litigation (Bryant v University of Rochester [Strong Mem. Hosp.], 72 AD2d 965). The thrust of the legislation was to create an informal procedure whereby contending parties through their attorneys could present their causes in an atmosphere which induced conciliation and afforded reflection. It cannot be assumed that the procedure was born in or should be modified by attitudes or values of sterility. If a purpose was to be served, obviously matters of substance would be addressed.
Our courts are not concerned with abstract considerations of liability in the absence of damages. The gist of any negligence action is not the presence or absence of conduct *875 which is acceptable, but there must be a demonstration that the plaintiff was aggrieved by the misconduct of the defendant (Comstock v Wilson, 257 NY 231,235; Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 300). If the medical malpractice panel is not to seek an overview on issues of causation, then for what purpose would it function? “ ‘Proof of negligence in the air, so to speak, will not do’ (Pollock Torts [10th ed.], p. 472).” (Martin v Herzog, 228 NY 164, 170.) It cannot be said that preoccupation should be had with abstractions, for this serves no purpose in the resolution of real disputes. This court cannot read into section 148-a of the Judiciary Law the type of restraint which is advocated by the plaintiffs, nor can it imply such a limitation on the basis of any rational or purposeful reason for the existence of the statute.
The motion is therefore denied.