■ Christine Cotgreave et al., Respondents, v Public Administrator of Imperial County (Cal.), as Administrator of the Estate of Moses Ashkenazy, Deceased, Appellant, et al., Defendants. (And Other Actions.) — In 10 medical malpractice actions, defendant Public Administrator of Imperial County, California, as administrator of the estate of Moses Ashkenazy, appeals (1) from an order of the Supreme Court, Suffolk County (Orgera, J.), dated October 9, 1981, which, *inter alia,* denied his motion to prohibit the plaintiffs in Action

No. 1 from introducing certain evidence at trial, and (2) as limited by his brief, from so much of a further order of the same court (McCarthy, J.), dated March 24, 1982, as, upon denying plaintiffs' motion for an order consolidating the 10 actions for trial, did so with leave to renew. Appeal from the order dated October 9, 1981, dismissed. No appeal lies from an order adjudicating in advance of trial the admissibility of evidence. Order dated March 24, 1982, affirmed insofar as appealed from. Plaintiffs are awarded one bill of $50 costs and disbursements. It is axiomatic that an evidentiary ruling made during the course of trial is not separately appealable (see *Kopstein v City of New York,* 87 AD2d 547; *Matter of Skyliner Diner Corp. v Board of Assessors of County of Nassau,* 45 AD2d 712; see, also, *Northern Operating Corp. v Anopol,* 30 AD2d 690). Somewhat similarly, it is our belief that an identical ruling made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission (CPLR 5701; cf. *Rockwood Nat. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573 [order entered upon a complete record, directing a party to answer *specific* questions propounded at an examination before trial held appealable by permission pursuant to CPLR 5701, subd (c)]). *Reed v County of Schoharie* (51 AD2d 499) is distinguishable on its facts, as the appeal in that case was taken from an order denying the defendants' motion, *inter alia,* to strike certain allegations of the complaint (cf. CPLR 5701, subd [b], par 3). *Alberino v Long Is. Jewish-Hillside Med. Center* (87 AD2d 217) is likewise distinguishable, as the principal matter in question there concerned a substantive issue of vital importance, i.e., the right of an infant to maintain a cause of action for the wrongful death of his natural parent, notwithstanding her subsequent adoption. Furthermore, since in the instant case Special Term did not abuse its discretion in declining, during the pendency of the appeal from the order dated October 9, 1981 (now dismissed), to pass upon the merits of the motion to consolidate these actions, the order which, *inter alia,* denied consolidation without prejudice to renewal should be affirmed insofar as appealed from. Mangano, J. P., Gibbons and Niehoff, JJ., concur.