■ CURTIS BROWN et al., Respondents, v HENRY MICHELETTI et al., Defendant and Third-Party Plaintiffs-Appellants. CASTAGNA & SON, INC., et al., Third-Party Defendants-Appellants. — In an action to recover damages for personal injuries, etc., defendants third-party plaintiffs Henry Micheletti and Castagna & Son, Inc., and third-party defendants Castagna & Son, Inc. — Raisler Corp., a joint venture, and Raisler Corp. appeal from so much of a purported order of the Supreme Court, Kings County (Morton, J.), dated November 9, 1982, as, *inter alia,* granted plaintiffs' pretrial motion to dismiss defendants' affirmative defenses of workers' compensation and denied defendants' and third-party defendants' cross motion to dismiss the complaint pursuant to the Workers' Compensation Law. Appeal dismissed, with one bill of costs payable jointly by appellants appearing separately and filing separate briefs. The paper purportedly appealed from in this case is denominated an order of Trial Term and recites that plaintiffs had moved pursuant to CPLR 4401 (judgment during trial) to strike defendants' affirmative defenses of section 11 of the Workers' Compensation Law, and that defendants had cross-moved pursuant to CPLR 4401 as well as CPLR 3212 (summary judgment) to dismiss the complaint pursuant to those defenses. The paper further recites that an immediate "hearing" was held by the court pursuant to subdivision (c) of CPLR 3213 (meaning 3212). The decretal paragraphs of the paper granted plaintiffs' motion to strike defendants' affirmative defenses of workers' compensation, denied defendants' and third-party defendants' cross motion to dismiss the complaint, and stayed the "trial" of the action pending a determination of these appeals. The minutes of the "hearing" reveal that the purported order was entered, without objection, at the request of the defendants, for the purpose of taking this appeal. On the eve of trial, plaintiff moved before Special Term to strike the defense of workers' compensation. The Justice presiding over that part denied the motion without prejudice to its renewal before Trial Term "in view of the triable issues to be resolved thereat". According to the minutes before Trial Term, after a jury had been selected and sworn, the parties unsuccessfully attempted to stipulate to sufficient facts so as to permit the court to rule on the defense of workers' compensation as a matter of law. It was determined that a "preliminary hearing" would be held before the court to adduce evidence respecting the facts not stipulated, and the jury was retired. The motion to dismiss the defenses and the cross motion to dismiss the complaint based on those defenses were argued after testimony was taken. Under these circumstances, the ruling that resulted, although reduced and entered as an "order", is not appealable. As construed by the courts, CPLR 5701 (subd [a], par 2) authorizes appeals as of right to this court only from orders deciding motions made upon notice that, *inter alia,* affect a substantial right. Generally, decisions made by the court during the course of a trial of an action are deemed trial rulings, not orders, whether or not they are reduced to a writing in the form specified for orders in CPLR 2219 (subd [a]) (see *Cotgreave v Public Administrator of Imperial County [Cal.],* 91 AD2d 600; *Katz v Katz,* 68 AD2d 536, 542; *Fortgang v Chase Manhattan Bank,* 29 AD2d 41; *Kinker v 6409-20th Ave. Realty Corp.,* 28 AD2d 907, affd 20 NY2d 796; *Covell v H. R. H. Constr. Corp.,* 24 AD2d 566, affd 17 NY2d 709; *Matter of Myer v Myer,* 271 App Div 1004; *Jackman v Hasbrouck,* 168 App Div 256; compare *Berg v City of New York,* 42 AD2d 770, with *Richardson v Wengatz,* 33 AD2d 947; cf. *Matter of Aurnou v Leggett,* 79 AD2d 623 [criminal procedure]). This was the substance of subdivision 1 of section 583 of the former Civil Practice Act,[*] and the drafters of the CPLR intended no change by omitting this provision from

---

[*] "Review of rulings; *requirements as to exceptions.* 1. A ruling to which an exception is taken can be reviewed only upon an appeal from the judgment rendered after the trial, except in a case where it is expressly prescribed by law that a motion for a new trial may be made thereon."

the present statute (10 Carmody-Wait 2d, NY Prac, § 70.37, p 304). The discretion conferred by CPLR 2218, 3211 (subd [c]) and 3212 (subd [c]) to grant separate trials of issues of fact raised by pretrial motions is to be exercised prior to, and not during the course of the trial of the action, so that the resulting ruling, reduced to an order prior to trial of the action, is appealable. This conclusion follows from the fact that such pretrial motions authorize immediate trials of facts raised in the papers submitted only "when appropriate for the expeditious disposition of the controversy" (CPLR 3211, subd [c]; 3212, subd [c]). In other words, "[i]t is the case-ending prospect, though of course not the certainty, which governs judicial discretion as to whether to order immediate trial" (Siegel, NY Prac, § 271, p 329; § 284, p 340; see *Barker v Conley,* 267 NY 43, 46; *Duboff v Board of Higher Educ.,* 34 AD2d 824). It may appear efficient in cases such as this one for Trial Term to resolve the narrow issues presented by pretrial motions at the commencement of the trial, in order to avoid the need to reintroduce at the trial evidence previously submitted with respect to pretrial motions. This commendable goal is what apparently motivated Trial Term and the parties in the case under review. Nevertheless, in the over-all administration of civil cases, efficiency dictates that issues raised by pretrial motions be tried separately and resolved by orders made prior to trial of the action (see *Korn v Korn,* 56 AD2d 837; *Duboff v Board of Higher Educ., supra;* cf. *Matter of Parker Constr. Corp. v Williams,* 35 AD2d 839). Separately trying issues raised by pretrial motions obviates the danger of back-handedly granting preferences for trial of the merits of the action (although in the case under review a general preference on account of disability had been granted). (See Siegel, 1973 Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1982-1983 Cumulative Annual Pocket Part, CPLR C3211:47, pp 23-24; C3212:22, pp 105-106.) In the case under review, the purported order resolving the pretrial motion and cross motion was a trial ruling made after the commencement of trial of the action in the course of one continuous proceeding before Trial Term (see *Matter of Parker Constr. Corp. v Williams,* 35 AD2d 839, *supra; Hacker v City of New York,* 25 AD2d 35, 37). Accordingly, the purported order is not appealable. Nevertheless, since the purported appeal was argued by the parties without reference to this determinative procedural point, we have examined the record and briefs in the interest of judicial economy and conclude that, had the merits been properly before us, we would affirm (see *Northern Operating Corp. v Anopol,* 30 AD2d 690; *Tribolati v Lippman,* 24 AD2d 769; *Bliss v Londner,* 20 AD2d 640). The evidence supports the hearing court's determination that this personal injury action against defendant Henry Micheletti and his employer, defendant Castagna & Son, Inc., is not barred by the defense of workers' compensation. Plaintiff Curtis Brown was injured on May 14, 1974 in an accident allegedly involving a dump truck owned by Castagna & Son, Inc., and operated by Micheletti. Micheletti was transporting scaffolding planks from one Castagna & Son construction site to the site in question, which was under the control of a joint venture formed by Castagna & Son and Raisler Corp. Under the terms of the joint venture agreement, the two construction firms were to split the profit or loss in equal shares and to make equal contributions of working capital to the venture. In addition, each party was to designate certain of its own employees to full-time assignments with the joint venture, and their compensation was to be a charge against the joint venture. Provision was also made for the parties to supply the joint venture with their own equipment so long as the rate charged the venture was no higher than market rate. The joint venture maintained books, records and accounts separate and distinct from those kept by the participants in the joint venture. There were no common officers or directors. In fact, the participants in the joint venture were also

engaged at the time in a second joint venture construction project, and each was separately engaged in other construction projects. In keeping with their joint venture agreement covering the project in question, the joint venture was charged for materials purchased and equipment leased by it from the individual members. All employees working on the job site and some off-site employees were on the joint venture's payroll, except certain older employees of Castagna & Son who were maintained on Castagna & Son's payroll in order to protect their pension rights. Plaintiff Curtis Brown was an employee of the joint venture who was assigned to the site and listed on the joint venture's payroll. The joint venture had taken out a workers' compensation insurance policy, under which plaintiff later accepted benefits. Castagna & Son and Raisler Corp. each had its own workers' compensation policy. The truck in question was owned by Castagna & Son in its individual capacity before and during the joint venture. Micheletti's services as a truck driver were not, like the cost of materials, charged to the joint venture, but were charged to Castagna & Son individually as part of the miscellaneous expenses each member of the joint venture incurred in order to provide discrete labor services to the project. In particular, Micheletti's services were rendered not only to the joint venture in issue but also to Castagna & Son's other projects, and he was assigned for payroll purposes to one of these other sites. He was supervised by Castagna & Son, and was not paid by the joint venture or supervised by it. In particular, he would respond to requests for materials from each site supervisor and would deliver his truckload to the location specified at each site by the resident supervisor. At the joint venture site, he made deliveries only about once a week, and union rules restricted him from transporting materials from point to point within the site. The court thus correctly ruled that defendant Micheletti was a general employee of Castagna & Son rather than of the joint venture, and that any transitory control exercised over him from time to time by the job site supervisor's directing him where to deliver materials was too transitory to characterize Micheletti as a special employee of the joint venture. Therefore, were we to address the merits of the court's ruling, we would conclude that the court had properly granted plaintiffs' motion to dismiss the affirmative defense of workers' compensation from the answers of Micheletti and Castagna & Son (see *Buchner v Pines Hotel,* 87 AD2d 691; *Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405; *Fallone v Misericordia Hosp.,* 23 AD2d 222, 227, affd 17 NY2d 648). O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.