OPINION OF THE COURT
Norman A. Mordue, J.
The instant action appears before this court pursuant to an order to show cause (Hayes, J.), dated October 26,1984, staying the plaintiff from taking any further steps in this proceeding and staying the Syracuse City Court from conducting a trial on October 29, 1984.
The case was originally heard by an arbitration panel which awarded the plaintiff an amount in excess of $5,000. The defendant moved for a trial de nova. The plaintiff then moved to have the testimony of a physician witness videotaped to lessen the expense associated with the witness’ appearance in court. Said videotaping session was to be conducted with the defendant and his attorney present with all rights to cross-examine afforded to the defendant. The defendant opposed the motion and cross-moved for summary judgment. The Syracuse City Court (Higgins, J.) granted: (1) the plaintiff’s motion to videotape the *313 physician witness’ testimony; and (2) denied the defendant’s motion for summary judgment. The defendant then sought a stay of the proceedings in order to perfect his appeal from the order of the Syracuse City Court.
On November 13, 1984, this court granted the defendant’s motion to extend the stay to allow both parties to brief the issues on the appeal of the denial of the summary judgment motion. The oral argument of this issue was heard on December 10, 1984. The court has read the briefs submitted by both parties and has heard oral argument by both parties.
There are two issues in this appeal: the first issue is whether the lower court’s ruling to permit videotaping of the plaintiff’s physician witness is an appealable issue at this time.
According to UCCA 1702 (a) (2) an order is appealable as of right when, inter alla, it
“(i) grants, refuses, continues or modifies a provisional remedy; or
“(ii) settles, grants or refuses an application to resettle a transcript or statement on appeal; or “(iii) grants or refuses a new trial; except where specific questions of fact arising upon the issues in an action triable by the court have been tried by a jury, pursuant to an order for that purpose, and the order grants or refuses a new trial upon the merits; or
“(iv) involves some part of the merits; or “(v) affects a substantial right; or
“(vi) in effect determines the action and prevents a judgment from which an appeal might be taken; or
“(vii) determines a statutory provision of the state to be unconstitutional, and the determination appears from the reasons given for the decision or is necessarily implied in the decision”.
Under the facts at bar, none of the provisions of UCCA 1702 are applicable so as to permit an appeal as of right. Moreover, this court views the ruling of the Syracuse City Court to be analogous to an evidentiary ruling made during the course of trial. The court thus determines that the decision of the lower court is not now appealable. (Cotgreave v Public Administrator of Imperial County [Cal.], 91 AD2d 600.)
The second issue in this case is whether the owner/operator of a motorcycle can bring an action for noneconomic loss against the owner/operator of a motor vehicle without having to show “serious injury” pursuant to Insurance Law § 671 (4).
*314 The defendant’s motion for summary judgment was based upon the fact that the plaintiff’s proof, through the plaintiff’s bill of particulars and the affidavit of the plaintiff’s physician, failed to rise to the level of “serious injury” as defined in Insurance Law § 671 (4). The defendant contends that since plaintiff cannot show “serious injury”, he cannot maintain an action for noneconomic loss pursuant to the mandates of the No-Fault Law.
The No-Fault Law is encompassed in Insurance Law, article 18, §§ 670-678. Insurance Law § 673 (1) states as follows: “Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for noneconomic loss, except in the case of a serious injury, or for basic economic loss. The owner, operator or occupant of a motorcycle which has in effect the financial security required * * * shall not be subject to an action by or on behalf of a covered person for recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
The first sentence of this section refers to an action for negligence brought by a “covered person” against another “covered person”, and prohibits any recovery for “pain and suffering” unless the plaintiff can establish “serious injury”. Insurance Law § 671 (10) defines “[cjovered person” as follows: “ ‘[C]overed person’ means any pedestrian injured through the use or operation of, or any owner, operator or occupant of, a motor vehicle which has in effect the [required] financial security * * * or any other person entitled to first party benefits.”
Insurance Law § 671 (6) defines “[m]otor vehicle” as “hav[ing] the meaning ascribed in section three hundred eleven of the vehicle and traffic law, except that * * * it shall not include * * * a motorcycle”. Since the motorcyclist is clearly not a pedestrian or the owner, operator or occupant of a motor vehicle, we must determine whether he is one of those persons entitled to “first party benefits”.
Insurance Law § 671 (2) defines “[f]irst party benefits” in applicable part, as follows: “ ‘First party benefits’ means payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle”.
Since motorcycles are clearly exempted from the definition of motor vehicle, the motorcyclist is thus also excluded from the receipt of “first party benefits”. As such, the motorcyclist is not a “covered person” within the meaning of the statute.
*315 The statute is clear on its face that it excludes motorcyclists from no-fault coverage.* When a statute is unambiguous, it “must be applied in accordance with its express terms”. (Marcus Assoc. v Town of Huntington, 45 NY2d 501, 502.) Here, the statute’s plain meaning is to exclude motorcyclists from its mandates.
Accordingly, the court affirms the lower court’s denial of the defendant’s motion for summary judgment. The case is remanded to the Syracuse City Court for trial on the issues.

 In fact, it was by the 1977 amendment to the No-Fault Law that the motorcyclist was specifically excluded. (L 1977, ch 892, § 9.)