■ CITY OF ELMIRA, Appellant-Respondent, v LARRY WALTER, INC., Respondent-Appellant; NEWMAN AND DOLL, CONSULTING ENGINEERS, Respondent, et al., Defendants. (And a Third-Party Action.) — Levine J. Cross appeals from an order of the Supreme Court at Trial Term (Swartwood, J.), entered June 25, 1984 in Chemung County, which (1) granted defendant Newman and Doll, Consulting Engineers' motion for a severance and separate trial of claims and cross claims asserted against it; (2) granted plaintiff's motion for a declaration that its motion to stay arbitration did not, as a matter of law, constitute a breach of contract; and (3) overruled plaintiff's objection to the relevancy of evidence concerning its motion to stay arbitration.

The prior history of this case is set forth more fully in two previous decisions of this court (89 AD2d 645; 60 AD2d 669). For the purposes of this appeal, it is sufficient to state that in October 1975, defendant Larry Walter, Inc. (Walter) contracted to construct a parking garage for the City of Elmira (City), with defendant Newman and Doll acting in the capacity of consulting engineers. It was their duty, *inter alia,* to approve Walter's payment requisitions. When disputes arose as to the amount of payment due Walter, Walter left the project. Following arbitration, Walter was awarded the sum of $100,000 from the City. The City then instituted the instant action.

On the first day of trial, Newman and Doll moved for a severance of the City's action against them, alleging that their case would be prejudiced if evidence of the arbitrators' award in favor of Walter were introduced to the jury. Initially, the trial court denied the motion for severance, but, upon renewal thereof, granted it two days later. The trial court also ordered a mistrial and rendered the order appealed from, granting Newman and Doll a separate trial and holding that the City's motion for a stay of the prior arbitration proceeding was not per se breach of its contract with Walter, and that evidence of this motion, was, however, relevant and therefore admissible in evidence.

These cross appeals must be dismissed. Decisions made by a court during the course of a trial are deemed to be rulings, not orders, and are not appealable apart from a final judgment rendered after trial (CPLR 5501 [a] [3]; *Brown v Micheletti,* 97 AD2d 529; *Graney Dev. Corp. v Taksen,* 66 AD2d 1008). Hence, orders granting separate trials, analogous to the one herein, have been held to be nonappealable when made in the course of

a trial (*Brown v Micheletti, supra,* p 530). Similarly, evidentiary rulings are not appealable independent of a final judgment (*Cotgreave v Public Administrator,* 91 AD2d 600, 601; *Kopstein v City of New York,* 87 AD2d 547, *cert denied* 461 US 927). By declaring a mistrial in the instant matter, the trial court precluded a final judgment, thereby rendering these rulings unreviewable at this time.

In the interest of judicial economy, particularly since all parties agree that even a single trial of the complex issues involved in this case will be protracted, we note our disagreement with the trial court's severance of the claims directly involving Newman and Doll. The particular dispute which the trial court determined to necessitate a separate trial concerns the City's claims (in the alternative) that either Walter wrongfully abandoned the job or was caused to do so because Newman and Doll wrongfully refused to approve its payment requisitions. The parties seeking severance were aware of the arbitration award well in advance of the trial. They should have anticipated the award's complicating effect on the trial, i.e., (1) that the City and Walter, as between themselves and with respect to their claims against Newman and Doll, would be precluded from disputing the arbitrators' implicit factual determination that the City unjustifiably withheld payments to Walter of $100,000 out of a total of some $800,000 claimed by Walter to be due at the time it left the job (*see, Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189); and (2) that Newman and Doll would not be bound by the arbitrators' decision on this issue that an amount was due, but could prove the contrary in order to establish its justification for refusing to approve Walter's payment requisitions. Thus, despite being on notice of the potentially prejudicial effect of the arbitration award, Newman and Doll nevertheless refrained from moving for a severance until the day set for trial.

Moreover, a separate trial here will be particularly burdensome in terms of duplicative expense and consumption of time in resolving many identical or overlapping issues. Most importantly, separate trials clearly will entail a risk to the City of inconsistent verdicts with respect to its claims that either Walter breached the contract by abandoning the job or that Walter's abandonment was caused by Newman and Doll's wrongful refusal to approve payment, both of which, presumably, cannot be true. All of the foregoing strongly militates in favor of a single, comprehensive trial where all the complex, intertwined issues can be decided at one time (*Shanley v Callanan Indus.,* 54 NY2d 52, 57).

In our view, the danger of prejudice to Newman and Doll arising out of the jury's awareness of the arbitration award does not outweigh the factors strongly impelling a joint trial. Walter's abandonment can only be justified if Newman and Doll's refusal to approve the payment installments was arbitrary and unreasonable, rather than a mere error in judgment in estimating the amount due (*see, Elizabeth Sash, Door & Supply Co. v Saint Vincent's Hosp.*, 241 App Div 751, 751-752; 22 NY Jur 2d, Contracts, § 369 [1982]). Thus, the factual determination by the arbitrators that an amount was in fact due at the time Walter left the job is not dispositive of the disputes between the parties over the cause or justification for Walter's action. This, plus Newman and Doll's counterclaims against the City and Walter for indemnity against any possible liability, render it highly questionable whether reference to the arbitration award can be avoided in a separate trial.

Therefore, on balance, we believe the fairer and more efficient course would be to hold a single trial of all of the various disputes between the parties, with curative instructions, jury interrogatories and the presentation of the issues to the jury in an appropriate sequence to minimize the risk of possible confusion and prejudice.

Cross appeals dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.