■ CHRISTOPHER J. MAGUIRE et al., Appellants, v GERALD REBAGLIA et al., Respondents. [648 NYS2d 142] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated June 29, 1995, as denied those branches of their motion which sought to place before the jury the question of whether the plaintiff Christopher J. Maguire's age, "marginal intelligence", and "serious emotional disturbance", diminished his responsibility for comparative negligence, and which allowed a recent criminal conviction of the plaintiff Christopher J. Maguire to be introduced into evidence at trial on the issue of credibility.

Ordered that the appeal is dismissed, with costs to the respondent Melissa Barone.

It is well settled that no appeal lies from an order adjudicating in advance of trial the admissibility of evidence (see, CPLR 5701; *Menis v Raksin,* 154 AD2d 357; *Pellegrino v New York City Tr. Auth.,* 141 AD2d 709; *Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600). The court's ruling on the admissibility of the plaintiff Christopher J. Maguire's criminal record is such an order.

Similarly, any ruling by the court prior to trial as to what factors the jury should consider on the issue of comparative negligence would be an advance ruling on the court's charge. As such, the ruling would, at best, be an advisory opinion which is neither appealable as of right nor by permission (see, *Cotgreave v Public Adm'r of Imperial County, supra).* Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.