■ In the Matter of FLORENCE GROSS, Appellant, v SANDRA SIEGMAN et al., Respondents. [669 NYS2d 928] —In a child visitation proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Nassau County (Feiden, J.), dated December 16, 1996, which terminated all visitation.

Ordered that the order is affirmed, without costs or disbursements. ·

There is sufficient evidence in the record to support the Family Court's determination that visitation would not be in the children's best interests, and we decline to disturb that determination on appeal (*see, Matter of Emanuel S. v Joseph E.,* 78 NY2d 178; *Lo Presti v Lo Presti,* 40 NY2d 522).

The petitioner's remaining contentions are without merit. Copertino, J. P., Altman, Florio and Luciano, JJ., concur.

■ In the Matter of the Estate of ANNE R. GRUSETZ, Deceased. HARRIET MONT et al., Appellants; ESTATE OF MAX KASSOVER et al., Respondents. [669 NYS2d 928] —In a proceeding to recover shares of corporate stock that are claimed to be assets of the estate of Anne R. Grusetz, the petitioners appeal from an order of the Surrogate's Court, Kings County (Feinberg, S.), dated March 19, 1997, which denied their motion to deem a prior order of the same court (Bloom, S.), dated December 16, 1993, law of the case.

Ordered that the appeal is dismissed, with costs.

The March 19, 1997, order is in the nature of an evidentiary ruling made before trial. Therefore, the order is neither appealable as of right nor by permission (*see, Maguire v Rebaglia,* 232 AD2d 380; *Rose v Velletri,* 202 AD2d 566; *Savarese v City of New York Hous. Auth.,* 172 AD2d 506; *Pellegrino v New York City Tr. Auth.,* 141 AD2d 709; *Cotgreave v Public Adm'r of Imperial County,* 91 AD2d 600). Joy, J. P., Krausman, Florio and McGinity, JJ., concur.