Hutchinson v New York City Health & Hosps. Corp. (2019 NY Slip Op 03774)





Hutchinson v New York City Health & Hosps. Corp.


2019 NY Slip Op 03774


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-09002
 (Index No. 500700/11)

[*1]Dianne Hutchinson, etc., appellant, 
v
New York City Health and Hospitals Corporation, et al., respondents, et al., defendant.


Law Office of Robert Kaminski, PLLC, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng, Benjamin Welikson, and Eric Lee of counsel), for respondent New York City Health and Hospitals Corporation.
Martin Clearwater & Bell LLP, New York, NY (Jean M. Post, Sean F.X. Dugan, and Yuko A. Nakahara of counsel), for respondents Utica Avenue Dialysis Clinic, Davita, Inc., and Empire State DC, Inc.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent Brooklyn Nephrology Group, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated July 26, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to impose sanctions against the defendants New York City Health and Hospitals Corporation, Utica Avenue Dialysis Clinic, Davita, Inc., Empire State DC, Inc., Carline Marie Guirand, and Brooklyn Nephrology Group, P.C., for spoliation of evidence to the extent of directing that an adverse inference charge be given at trial, and denied the plaintiff's separate motion, inter alia, for leave to amend the supplemental bill of particulars.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendants New York City Health and Hospitals Corporation, Utica Avenue Dialysis Clinic, Davita, Inc., Empire State DC, Inc., Carline Marie Guirand, and Brooklyn Nephrology Group, P.C. (hereinafter collectively the defendants), and another defendant. At issue on this appeal is a missing note authored by a vascular surgeon to a dialysis clinic in which the surgeon cleared the decedent for dialysis. None of the parties to this appeal produced the note, each claiming not to be in possession of it. The plaintiff moved, inter alia, for leave to amend the supplemental bill of particulars. The plaintiff moved, inter alia, to impose sanctions against the defendants for spoliation of evidence, including striking the defendants' answers. Some of the defendants cross-moved to impose sanctions against the plaintiff for spoliation [*2]of evidence. The Supreme Court denied the plaintiff's motions and the cross motions, determining that "an inference cannot be drawn in favor of either side establishing the possession of the missing note." The plaintiff appeals, contending that the court should have granted her first motion, and should also have granted her second motion to the extent of directing that an adverse inference charge be given at trial against the defendants.
Initially, contrary to the contention of the defendant Brooklyn Nephrology Group, P.C., the portion of the order denying the plaintiff's second motion is appealable. Rulings made by a trial court prior to trial regarding a jury charge are generally not appealable, as they are advisory opinions (see Maguire v Rebaglia, 232 AD2d 380; see generally Diller v Munzer, 141 AD3d 630, 631). However, orders that decide motions to impose sanctions for spoliation of evidence, including the sanction of directing an adverse inference charge, are appealable (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 549-554; Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 676; Eksarkdo v Associated Supermarket, 155 AD3d 826, 829).
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547 [internal quotation marks omitted]). "A party seeking an adverse inference charge against an opponent who has failed to produce a document must make a prima facie showing that the document in question actually exists, that it is under the opponent's control, and that there is no reasonable explanation for failing to produce it" (Jean-Pierre v Touro Coll., 40 AD3d 819, 820). Here, while the plaintiff asserted that all of the defendants should be subject to a sanction for spoliation, the plaintiff did not establish that any, let alone all, of the defendants were last in possession of the note before it went missing. While a missing document charge might be appropriate at trial if the plaintiff were to make a showing that one of the defendants was last in possession of the note, the plaintiff did not make such a showing on her motion. Accordingly, we agree with the Supreme Court's determination denying that branch of the plaintiff's second motion which was to impose sanctions against the defendants for spoliation of evidence to the extent of directing that an adverse inference charge be given at trial.
We agree with the denial of the plaintiff's motion for leave to amend the supplemental bill of particulars.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court