■ HAROLD STILES, by His Guardian at Litem, RALPH STILES, et al., Respondents, v. WILLIAM CADDICK et al., Appellants.— Appeal from a judgment entered on the verdict of a jury rendered at Trial Term, Supreme Court, Washington County. The infant plaintiff Harold Stiles, when age 13, was struck by a car operated by defendant Caddick, while crossing a street in the business section of the Village of Fort Ann. The proof is clear that the automobile was traveling at a high and dangerous rate of speed through this part of the village. The operator himself said he was traveling at 30 miles an hour; and there is testimony which the jury could well have accepted, that he was driving 45 miles an hour. The main argument on appeal is that the infant plaintiff was himself negligent. Defendant Caddick testified that he first saw the infant plaintiff "running out with his head down"; that he applied his brakes but nevertheless struck him. But the driver also said that when he saw the boy he "was about in the middle of that dirt strip * * * about five feet from the curb." The photographs in evidence indicate that this strip between the edge of the driving lane and the curb was at least as wide as the driving lane itself, and the jury could have found from this that had the driver been using due care and driving slowly he would have been able to avoid the accident on seeing the boy under these circumstances. A disinterested witness testified the boy was crossing the street at what he would term "a fast walk". The boy would be required to use that degree of care to be expected at 13 years of age; and the jury might consider that even in crossing a main street at a run one would not expect a car to be driven at that point at 45 miles an hour, with the foreshortened time range of visibility that such a speed suggests. Thus the argument of appellants that plaintiffs failed to show the freedom of the infant from negligence is not sustained. It presented an arguable question of fact; and the verdict in this respect is not, in our judgment, against the weight of the evidence. The infant received a verdict of $16,000; his father a verdict of $10,000. The actual medical services incurred by the father to the date of the trial were $3,870.50; and the value of the loss of services of the infant could not have exceeded approximately $500. The rest of the verdict for the father seems to have been the result of the instruction of the court to the jury that it could award to the father the value of future medical expense necessary to treat the boy's injury. There is proof that it would probably be necessary to remove a metal plate which had been applied to a fractured bone;

and there were other disabilities for which the jury might find medical services would be necessary in the future. Such future expenses are, as the appellants correctly point out on appeal, properly recoverable in the infant's action, and not in that of the father. (*Clarke* v. *Eighth Ave. R. R. Co.*, 238 N. Y. 246; *Benedict* v. *State of New York*, 281 App. Div. 731.) But the instruction of the Judge that the jury might find this damage in the father's action was given without any exception, request or comment by defendants; and their counsel silently allowed to go to the jury an item of damage now claimed to have been appropriate to the cause of action of one plaintiff rather than the other. A simple request would have cleared the matter up while both cases were going to the jury; the jury could have added the amount to the infant's action; and it is difficult to conceive of a stronger situation in which the "law of the case" rule ought to apply than that presented by this record. We are confronted, however, with a situation on appeal under which this amount in the father's verdict ought properly to be in the infant's part of the judgment with the usual protection of judicial supervision over the proceeds. The judgment is reversed on the law and the facts and a new trial ordered, unless the plaintiff Ralph Stiles within 10 days of notice of entry of the order of this court stipulate that on payment of the judgment in his case he will deposit $5,500 thereof for the benefit of the infant, subject to withdrawal only on order of the court; and on the filing of such stipulation the judgment is affirmed, with costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.