CHERYL A. SHIELDS, an Infant, by SHIRLEY SHIELDS, Her Parent, Respondent-Appellant, et al., Respondent, *v.* CITY OF WATERVLIET, Appellant-Respondent.

Third Department, March 22, 1973.

*Schrade, Morris & Roche* (*Karl H. Schrade* of counsel), for appellant-respondent.

*Kohn, Bookstein & Karp* (*Ronald A. Blake* of counsel), for respondent-appellant.

*Per Curiam.* These are cross appeals from a judgment of the Supreme Court, entered July 5, 1972 in Albany County, upon verdicts rendered at a Trial Term in favor of plaintiffs.

The infant plaintiff was injured while attending the defendant's public swimming pool when a boy picked her up against her will and jumped into the pool with her. The injury consisted of substantial damage to her two front incisor teeth which had to be extracted as a result of the damage. The defendant does not dispute that it had a duty to provide reasonable supervision. The record presented issues of fact for the jury as to whether or not the supervisors at the pool were negligent and the jury finding of negligence is not against the weight of the evidence. As to whether or not the negligent supervision was a proximate cause of the injuries as opposed to the deliberate act of the claimant's assailant, the record does not negate proximate causation as a matter of law and, accordingly, that was also a question of fact for the jury.

However, the defendant further contends that, upon the present record, the trial court erred in not dismissing the derivative cause of action asserted by the infant plaintiff's mother. The question of whether or not an infant's mother may assert a derivative cause of action was recently considered in *Winnick* v. *Kupperman Constr. Co.* (29 A D 2d 261) and that court held that the mother may assert such a cause of action. In the present case the infant's mother testified that *she* had received the medical bills and there is nothing to show that she was not

the one who either had paid such bills or was liable for payment. While the record does not disclose any substantial loss of services, the jury awarded the mother some $776 over and above the actual medical expenses. The defendant contends that the jury actually awarded the mother proven future medical expenses of $600 and, upon this record, that does appear to be what happened. In the case of *Stiles* v. *Caddick* (11 A D 2d 889, 890) this court resolved such a situation by requiring the parent to put the excess in a court supervised bank account for the benefit of the infant. However, upon the present record and the testimony and evidence as to pain and suffering by the infant and the fact of the permanent injury of a loss of the two front teeth with medical evidence that no dental appliance could truly take the place of such teeth, we find that the award for the infant was so low as to be against the weight of the evidence. An appeal has been taken on behalf of the infant contending that her award was inadequate. Accordingly, the over and under amounts of the judgment herein can be satisfactorily adjusted without requiring the creation of a trust account. (Cf. *Stiles* v. *Caddick, supra.*)

The judgment in respect to the infant plaintiff should be reversed, on the law and the facts, and a new trial ordered, limited to the issue of damages, with costs to abide the event, unless, within 10 days after service of a copy of the order to be entered hereon, defendant shall stipulate to increase the award to the infant to $2,750, in which event, the judgment in respect to said infant, as so increased, should be affirmed, with costs; and judgment in respect to the plaintiff mother should be reversed, on the law and the facts, and a new trial ordered limited to the issue of damages, with costs to abide the event, unless, within 10 days after service of a copy of the order to be entered hereon, plaintiff Shirley Shields shall stipulate to reduce the amount of the award to her to $250, in which event, the judgment in respect to said Shirley Shields, as so reduced, should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., COOKE, KANE and MAIN, JJ., concur.

Judgment in respect to the infant plaintiff reversed, on the law and the facts, and a new trial ordered limited to the issue of damages, with costs to abide the event, unless, within 10 days after service of a copy of the order to be entered hereon, defendant shall stipulate to increase the award to the infant to $2,750, in which event, the judgment in respect to said infant, as so

increased, affirmed, with costs; and judgment in respect to the plaintiff mother reversed, on the law and the facts, and a new trial ordered limited to the issue of damages, with costs to abide the event, unless, within 10 days after service of a copy of the order to be entered hereon, plaintiff Shirley Shields shall stipulate to reduce the amount of the award to her to $250, in which event, the judgment in respect to said Shirley Shields, as so reduced, affirmed, without costs.