■ JOSEPH D. ALBARELLO, Appellant, v. CITY OF NEW YORK et al., Respondents.— Judgment, Supreme Court, Bronx County, entered on May 8, 1972, unanimously reversed, on the law and the facts, and vacated, and a new trial granted, with $60 costs and disbursements to abide the event. The jury having found for the defendant, the only question is as to certain aspects of the charge. While it is clear that in a wrongful death action, the burden of proof as to contributory negligence of the decedent is on the defendant (EPTL 11–3.2, subd. [b]; see *Cruz* v. *Long Is. R. R. Co.,* 28 A D 2d 282, 285), the court's charge lacked clarity on this point. Concur— Markewich, J. P., Kupferman, Lane, Steuer and Tilzer, JJ.

■ HARRY KLEIN et al., Respondents, v. PETER SHARP et al., Defendants, and NORMAN L. PECK et al., Appellants.— Order, Supreme Court, New York County, entered on April 20, 1972, resettling the order of said court entered on January 3, 1972, which denied defendants' motion for summary judgment, unanimously modified, on the law, to the extent of granting summary judgment to the defendant on the third cause of action, and otherwise affirmed, without costs and without disbursements. The complaint alleges three causes of action. The first cause of action seeks specific performance of a contract for the sale of real property. The second seeks to impose a lien on that property to the extent of the down payment made at the signing of the contract. The third cause of action claims damages for legal and other expenses incurred. The contract does not provide for claims for legal expenses incurred. Attorneys' fees are merely incidents of litigation and are normally not recoverable absent contractual obligation or specific statutory authority (*City of Buffalo* v. *Clement Co.,* 28 N Y 2d 241, 262; *Piaget Watch Corp.* v. *Audemars Piguet & Co.,* 35 A D 2d 920). Concur— Stevens, P. J., Markewich, Murphy, Lane and Tilzer, JJ.