■ WILLIAM F. BROD, III, an Infant, by WILLIAM F. BROD, JR., His Parent and Natural Guardian, et al., Respondents, v CENTRAL SCHOOL DISTRICT No. 1 of the TOWNS OF SAND LAKE AND POESTENKILL et al., Appellants.—Appeal from a judgment of the Supreme Court, entered January 20, 1976 in Rensselaer County, upon a verdict rendered at a Trial Term in favor of plaintiffs. On October 12, 1973 the infant plaintiff, then nine years of age, attending Poestenkill Elementary School, was injured when he fell to the floor while participating in a gymnasium class in his bare feet. He had forgotten to bring his sneakers and was told by his physical education teacher, the defendant Ann Neilson, that if he wanted to participate in the activities of the class he would have to remove his shoes and socks. The infant testified that while engaged in an activity involving bouncing a ball, the ball got away from him and he ran after it; that his bare feet stuck to the floor causing him to lose his balance and fall. The gym teacher testified that she observed the infant when he fell, that he was not running, and that he tripped over his own feet while bouncing the ball. As a result of the fall, the infant lost two front teeth. The jury returned a verdict in favor of the infant plaintiff in the amount of $15,000 and for the infant's father in the amount of $3,800. The record presents issues of fact for the jury as to whether or not the gym teacher was negligent in permitting the infant plaintiff to engage in the physical activities of the class in his bare feet. The jury's findings of negligence and of proximate cause of the injuries is not against the weight of the evidence, and we see no reason to disturb them. Defendant's argument that the trial court improperly accepted the testimony of plaintiffs' expert is insubstantial and does not require discussion. The trial court was in error, however, in instructing the jury that lawyers' fees are customarily paid from jury verdicts. Attorneys' fees are merely incidents of litigation *(Klein v Sharp,* 41 AD2d 926), and absent a contractual obligation or specific statutory authority, such fees do not constitute an element of damage and are not recoverable *(City of Buffalo v Clement Co.,* 28 NY2d 241, 262; *Piaget Watch Corp. v Audemars Piguet & Co.,* 35 AD2d 920). While the trial court properly instructed the jury that counsel fees were not to be considered as an element of damages, the further instruction that those fees are customarily paid from verdicts was, in our view, prejudicial to the defendants. Because of the amounts of the verdicts, it becomes apparent that they may well have been influenced by the jury's consideration of attorneys' fees in arriving at those amounts. Giving due consideration to the nature and extent of the injuries sustained by the infant plaintiff, and the effect that the injuries have had and will have on him in the future, as well as the dental expenses necessarily to be incurred in the future, we must conclude that the verdict of $15,000 awarded to the infant plaintiff was excessive, and, therefore, must be reduced *(Riddle v Memorial Hosp.,* 43 AD2d 750). Regarding the verdict of the infant's father, we likewise find it to be excessive and unsupported by the record. It appears that the jury actually awarded the plaintiff father an amount for future

dental expenses that may be incurred for the treatment and care of the infant. While such future expenses are properly recoverable in the infant's action, the parents' right of recovery is limited to the actual amount of expenses incurred up to the time of trial and reasonable loss of services *(Shields v City of Watervliet,* 41 AD2d 170; *Stiles v Caddick,* 11 AD2d 889). Judgment modified, on the law and the facts, and a new trial ordered, limited to the issue of damages, unless plaintiffs shall, within 20 days after service of a copy of the order to be entered hereon, stipulate to reduce the verdicts to $8,000 plus interest in the action of the infant William F. Brod, III, and to $750 plus interest in the action of the father William F. Brod, Jr., in which event the judgment, as so reduced, is affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Herlihy and Reynolds, JJ., concur.