■ In the Matter of the Arbitration between CITY OF ELMIRA, Appellant-Respondent, and LARRY WALTER INC., Respondent-Appellant.—Appeals from an order of the Supreme Court at Special Term, entered April 22, 1977 in Chemung County, which denied petitioner's motion to stay arbitration as to the issue of nonpayment, but granted the motions as to the other issues contained in respondent's demand for arbitration. On October 8, 1975 the parties entered into a contract for the construction of a parking garage. Interim payments were to be made to the contractor based on the percentage of work completed. The contractor was required to submit monthly applications for each partial payment to the engineering firm supervising construction. The first four applications were paid in full. Petitioner, City of Elmira, however, made only a partial payment on the fifth application and refused any payment on the remaining three applications, claiming that there had been an overpayment. Subsequent to the partial payment of the fifth application there followed various correspondence concerning nonpayment. Following several communications, a "demand for arbitration" was ultimately submitted on July 21, 1976 demanding the arbitration of six items including nonpayment to the general contractor. Petitioner sought an order staying arbitration. A hearing was held and the court at Special Term thereafter denied the motion for a stay of arbitration with respect to the item of nonpayment and granted the motion as to the remaining five items. Both parties have appealed. Petitioner initially maintains that the arbitration clause is invalid in that it rests the option to arbitrate unilaterally in one party. Although section 134 of the contract provides that any controversy relating to the contract shall, at the option of the owner, be settled by arbitration, that section further provides that should the owner fail to render a final decision in the claim within the prescribed time or fail to exercise its option, the claim will be determined by arbitration. This provision mandating arbitration in the event that the owner fails to render a timely decision or fails to exercise its option precludes, in our view, a finding that the choice of arbitration is completely unilateral. Consequently, we conclude that the arbitration clause is valid. In deciding the motion to stay arbitration, Special Term concluded that conditions precedent to arbitration existed and proceeded to determine if there was compliance with those conditions. Contrary to respondent contractor's contention, the decision of the owner concerning a dispute is expressly made a condition precedent to arbitration in section 154 of the contract and compliance with conditions precedent to arbitration presents a question of law for the court to determine (*Pearl St. Dev. Corp. v Conduit & Foundation Corp.*, 41 NY2d 167). This rule applies even though certain factual issues must first be decided (*Matter of Frouge Corp. [New York City Housing Auth.]*, 26 AD2d 269). Having determined that conditions precedent were present and that Special Term properly proceeded to ascertain if the conditions were fulfilled,

we are also of the opinion that Special Term correctly deduced that the correspondence concerning nonpayment together with the requisitions for payment constituted compliance with the conditions precedent thereby permitting the issue of nonpayment to be decided by arbitration. We find no evidence, however, that the conditions precedent concerning the remaining items in the demand for arbitration had been fulfilled. Thus the motion to stay the arbitration of those remaining items was properly granted. The order, therefore, should be affirmed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Larkin, JJ., concur.