■ CITY OF ELMIRA, Respondent-Appellant, v LARRY WALTER, INC., et al., Appellants-Respondents, et al., Defendant. — Cross appeals from an order of the Supreme Court at Special Term, entered October 22, 1980 in Chemung County, which, *inter alia,* partially granted defendants' motion for summary judgment and denied plaintiff's cross motion for summary judgment. Defendant Larry Walter, Inc. (Walter), entered into a contract with plaintiff on October 8, 1975 for the construction of a parking garage. Payments to Walter were to be periodic and based on estimates made by Walter on requisition forms subject to the approval of defendant Newman and Doll, the project engineers. After the first four requisitions were paid, the fifth was reduced by Newman and Doll and the sixth, seventh and eighth were rejected entirely due to plaintiff's claim that Walter owed it money for overpayments. Because of the cessation of payments, Walter discontinued work on the project and a different contractor eventually completed the work. Thereafter, Walter demanded arbitration. Upon plaintiff's motion, all issues but the nonpayment to Walter were stayed from arbitration *(Matter of City of Elmira [Larry Walter, Inc.],* 60 AD2d 669). The arbitrator issued an award to Walter of $100,000 plus interest which was confirmed and judgment entered thereon. Plaintiff commenced the present suit, which includes 40 causes of action, against Walter, Lawrence Walter, Joel Walter, Newman and Doll and the Travelers Indemnity Company, Walter's surety on the contract. All of the

defendants except Newman and Doll moved for summary judgment and plaintiff made a cross motion for summary judgment. Special Term granted defendants' motion to the extent that certain causes of action were dismissed in their entirety and others were dismissed insofar as they sought damages for fraud. Plaintiff's cross motion was denied and these cross appeals ensued. Plaintiff's breach of contract causes of action are premised on Walter's abandonment of the project. The issue narrows, however, to whether or not Walter was justified in discontinuing the work due to plaintiff's rejection of Walter's request for certain periodic payments. Thus, in our view, questions of fact are presented which must be decided at trial and summary judgment was properly denied as to these causes of action. Concerning the dismissal of those causes of action and parts of causes of action based on fraud, plaintiff argues that the disparity between what Walter claimed was due in its requisitions for periodic payments and the amount found by the arbitrator to be due Walter is conclusive evidence of fraud. A cause of action for fraud, however, requires, among other things, proof of a false representation offered to another who, in acting in reliance thereon, is injured *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119). In the present case, plaintiff did not act in reliance on Walter's requisitions as it refused to pay on them and, therefore, plaintiff has shown no injury due to the alleged false representations. It was decided in arbitration that Walter was not overpaid by plaintiff and plaintiff now concedes that no overpayment is due from Walter. That issue's resolution by the arbitrator is now binding on plaintiff *(Rembrandt Ind. v Hodges Int.,* 38 NY2d 502). Consequently, Special Term properly dismissed plaintiff's causes of action and parts of causes of action alleging fraud. We have examined the remaining arguments of the parties and find them unpersuasive. The order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.