CITY OF ELMIRA, Respondent-Appellant, v LARRY WALTER, INC., et al., Appellants-Respondents, and NEWMAN & DOLL CONSULTING ENGINEERS, Respondent.

Third Department, October 12, 1989

## APPEARANCES OF COUNSEL

*Couch, White, Brenner, Howard & Feigenbaum,* and *Friedman, Wang & Bleiberg, P. C. (Arthur S. Friedman, Joan R. Salzman* and *Leslie F. Couch* of counsel), for appellants-respondents.

*Smith, Sovik, Kendrick, Schwarzer & Sugnet, P. C. (Laurence F. Sovik* and *James A. O'Shea* of counsel), for respondent-appellant.

*Mackenzie, Smith, Lewis, Michell & Hughes (Arthur A. Chalenski, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

Defendant Larry Walter, Inc. (hereinafter Walters)* and plaintiff, the City of Elmira (hereinafter the City), entered into a contract for the construction of the Centertown Parking Garage facility in October 1975. The contract contained a liquidated damages clause providing that in the event that completion of the project was delayed, Walters would pay the City $1,000 per day. Similarly, if Walters finished the job prior to the stipulated completion date, then the City would pay it $1,000 per day.

---

* Reference to Larry Walter, Inc. as "Walters" is intended to incorporate principals of the corporation who are also named defendants in this action.

Under the contract, the City was to compensate Walters $3,259,000 in periodic payments for constructing the garage. These progress payments were to be based on estimates Walters made, subject to the approval of defendant Newman & Doll Consulting Engineers (hereinafter Newman & Doll). The City had previously contracted with Newman & Doll to serve as consulting engineers for, among others, this construction job. Defendant Travelers Indemnity Company (hereinafter Travelers) posted a performance bond for Walters, and thus became Walters' surety.

Walters began construction in November 1975. The City paid the first four payment requisitions in full and the fifth in part for a total of $1,041,115.50. Newman & Doll recommended reducing the fifth requisition and rejecting entirely the sixth, seventh and eighth because the City believed that it had overpaid Walters, and thus was owed money. Because the City failed to make payments, and because the parties disagreed about other issues, including alleged changes in the plans and a claimed interference in the method of construction, Walters discontinued work on the project in July 1976 and sought arbitration. On the City's motion, arbitration of all issues except that of nonpayment was stayed (Matter of City of Elmira [Larry Walter, Inc.], 60 AD2d 669, 670). Before proceeding to arbitration, the parties stipulated that the arbitrators would decide only the issue of nonpayment and not whether either party breached the contract. The arbitrators determined that the City owed Walters $100,000 plus interest, and directed it to pay Walters accordingly. This award was confirmed, and thus became the law of the case. Although binding upon the City, this determination did not affect Newman & Doll; the engineers were not parties to the arbitration proceeding.

Ultimately the City commenced the instant action to recover the excess cost of completion. Forty different causes of action were alleged against defendants, who in turn asserted various cross claims and counterclaims. At the start of the trial, to eliminate potential prejudice to Newman & Doll, Supreme Court ruled that evidence of the arbitration proceeding and award was inadmissible. After the evidence was closed, the court dismissed a number of the City's causes of action, along with several cross claims and counterclaims; the case was ultimately given to the jury.

By special verdict, the jury found that Walters breached its

contract with the City. It awarded the City actual damages of $778,872.72 plus interest, and awarded the City liquidated damages which, as thereafter computed by the Supreme Court, totaled $721,119.45. The jury also found that the City breached its contract with Newman & Doll and awarded the latter $29,359.99, plus interest. The City, Walters and Travelers appeal.

■ Walters and Travelers contend that because Supreme Court permitted the City to introduce evidence regarding the ratio of work completed to the amount the City paid Walters, it violated the law of the case. We disagree. The prior arbitration proceeding determined only whether the City overpaid or underpaid Walters; it did not address who breached the contract. The challenged evidence is relevant to both issues. As the arbitrators did not decide the precise issue of whether Walters justifiably abandoned the job, Supreme Court cannot be faulted for permitting the City to introduce evidence of the payment ratio *(see, Locilento v Coleman Catholic High School,* 134 AD2d 39, 43).

■ We do find merit in Walters' and Travelers' argument that the liquidated damages award was inappropriate. Damages from a delay in completion of a construction project are not easily ascertainable; therefore, a reasonable provision liquidating them in advance of loss is valid *(Stevenson Corp. v County of Westchester,* 113 AD2d 918, 920). But a liquidated damages clause for delay which is reasonable—and the reasonableness of the clause here is not at issue—does not apply when the contractor abandons work prior to the stipulated completion date *(Village of Canton v Globe Indem. Co.,* 201 App Div 820, 824; *Murphy v United States Fid. & Guar. Co.,* 100 App Div 93, 98, *affd* 184 NY 543; *Gallagher v Baird,* 54 App Div 398, 403-404, *affd* 170 NY 566; *contra, McKegney v Illinois Sur. Co.,* 180 App Div 507, 509). Furthermore, because actual damages are easily ascertainable here, the City is limited as a matter of law to recovering only its actual damages *(see, Village of Canton v Globe Indem. Co., supra; Murphy v United States Fid. & Guar. Co., supra).*

■ The actual damages awarded, however, should be increased by the amount the City was obliged to pay Walters pursuant to the arbitration award. The City is entitled to a sum which will put it in as good a position as if Walters had fully performed the contract (11 Williston, Contracts § 1363, at 344-345 [Jaeger 3d ed]; *see, Kinney v Massachusetts Bonding &*

Ins. Co., 210 App Div 285, 293). Thus, the City has a right to recover the cost of completing the contract, less any portion of the contract price not paid to Walters *(see, Kinney v Massachusetts Bonding & Ins. Co., supra).* The City expended $2,996,757.22 to complete the parking garage, computed as follows: $2,682,750 paid to Sarkesian Brothers, Inc., the contractor who rebid and completed the project; plus $314,007.22 for the cost of other contracts, costs and engineering fees occasioned by the breach. The portion of the original bid not paid Walters was $2,102,732.51, computed as follows: the original bid of $3,259,000; less $1,041,115.50 for the amount the City paid Walters prior to arbitration; less $105,069.46, the amount awarded to Walters by the arbitrators; and less $10,082.53 the City paid in satisfaction of liens. Despite Walters' contentions to the contrary, the money which the arbitration award required the City pay Walters was part of the cost of erecting the garage because it represented the amount the City originally underpaid Walters for the work Walters did complete. Subtracting the amount of the original bid not paid Walters ($2,102,732.51) from the total cost of completing the garage ($2,996,757.22) results in a damage award to the City of $894,024.71. The City's posttrial motion to add $115,151.99 (for the arbitration award and liens paid) to the actual damages was thus erroneously denied.

Walters and Travelers also claim that the actual damage award should not have included $163,098.61 in additional engineering costs because this amount included $42,219.92 in counsel fees. Although these defendants correctly observe that counsel fees are not available as an item of damage in the absence of statutory or contractual authority *(Brod v Central School Dist. No. 1,* 53 AD2d 1002; 36 NY Jur 2d, Damages, § 92, at 163-164), these charges are not, as they have characterized them, counsel fees. Rather, they are legal expenses Newman & Doll incurred to rebid the contract. As such they are recoverable expenditures "directly occasioned and made necessary by" the breach *(Kinney v Massachusetts Bonding & Ins. Co., supra,* at 293; *see,* 36 NY Jur 2d, Damages, § 49, at 85-86).

The remaining contentions advanced by the City, Walters and Travelers are either unsupported by the record, unpreserved for appellate review or resulted in harmless errors.

WEISS, J. P., MIKOLL, MERCURE and HARVEY, JJ., concur.

Judgment entered August 20, 1987 affirmed, without costs.

Judgment entered January 19, 1988 modified, on the law, without costs, by (1) reversing so much thereof as awarded plaintiff liquidated damages, (2) increasing plaintiff's actual damages by $115,151.99, plus interest from October 22, 1980, and, as so modified, affirmed.