*118 OPINION OF THE COURT
Stanley B. Katz, J.
The plaintiff has moved for summary judgment on his second and third causes of action.
On or about August 28, 1986, the plaintiff leased premises known as 79-11 Roosevelt Avenue, Jackson Heights, New York, to the defendant. The premises include a ground floor for commercial use and two upper level residential apartments.
Article 7.04 of the lease provides in relevant part: "Tenant agrees to be substituted for Landlord if any summons, order, requirement, notice or proceeding relating to the use of the premises by Tenant is served upon or commenced against Landlord and shall bear the costs of any such substitution.” (Emphasis supplied.)
Article 17 of the lease provides in relevant part: "In case of any such default, reentry, expiration and/or dispossess proceeding or otherwise, (a) the rent shall become due thereupon and be paid up to the time of such reentry, dispossess and/or expiration, together with such expenses, attorneys fees, brokerage, and/or putting the Demised Premises in good order, prior to reletting.” (Emphasis supplied.)
On July 12, 1988, the defendant sublet an apartment to Pedro Rojas, who, in turn, assigned the sublease to Sun Cha Chang. On November 14, 1988, police made arrests at the apartment, which was allegedly being used for the purpose of prostitution. On or about November 28, 1988, the City of New York commenced an action against the plaintiff (City of New York v Barba, Sup Ct, Queens County, Aug. 14, 1989, Katz, J., index No. 16275/88), alleging that the premises were being used illegally. The plaintiff’s attorney served a notice to cure upon the defendant, inter alla, informing it of the action brought by the city and demanding a substitution of parties in the action pursuant to article 7.04 of the lease. The defendant did not attempt to substitute itself for the plaintiff, who incurred attorney’s fees and expenses in defending the action brought by the city. On or about February 7, 1990, the action brought by the city was settled. In this action, the plaintiff seeks, inter alla, to recover damages he sustained in defending against the city’s action and to recover attorney’s fees, etc., incurred in connection with this lawsuit.
Attorney’s fees and other expenses of litigation may be recovered as damages where there is a contractual or statu *119 tory basis for claiming them. (See, City of Elmira v Larry Walker, Inc., 150 AD2d 129.) In the case at bar, article 7.04 of the lease provides a contractual basis for the recovery of attorney’s fees and other expenses incurred by the plaintiff in connection with the city’s action. In construing a contract, the court’s primary objective is to ascertain the intent of the parties. (Schmidt v Magnetic Head Corp., 97 AD2d 151.) The intent of article 7.04 is to obligate the tenant rather than the landlord to bear the expenses of defending proceedings arising from the use of the premises. It does not matter that the city brought its action, not because of the direct acts of the defendant, but rather because of the acts of the subtenant’s assignee. The defendant, as the original lessee, remained liable to the plaintiff for an improper use of the premises by a subtenant or an assignee. (74 NY Jur 2d, Landlord and Tenant, §§ 689, 717.) Moreover, article 17 of the lease provides a contractual basis for the recovery of attorney’s fees and expenses incurred in bringing this action. There are no issues of fact pertaining to the second and third causes of action which preclude summary judgment on the issue of liability. (See, Epstein v Scally, 99 AD2d 713.)
Accordingly, the plaintiff’s motion is granted to the extent that he is awarded summary judgment on the issue of liability on the second and third causes of action and to the extent that a hearing on the amount of damages owed by the defendant shall be held at a date, time and place to be fixed in the order to be entered hereon.