| |
|---|
| **Leeds v Weinberger** |
| 2025 NY Slip Op 30057(U) |
| January 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 657193/2019 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NICHOLAS W. MOYNE**          PART          **41M**

_Justice_

-------------------------------------------------------------------X

LAURA LEEDS,

INDEX NO.          657193/2019

Plaintiff,

MOTION DATE          01/12/2023, 01/18/2023

- v -

MOTION SEQ. NO.          006 007

NATHANAEL WEINBERGER,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 157, 180, 181, 182, 183, 185

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 184, 186

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, it is

Motion sequence 006 and 007 are consolidated herein for decision.  As set forth more fully hereinbelow, the plaintiff's motion is granted to the extent that the defendant's counterclaim is dismissed and is otherwise denied.  The defendant's motion is denied.

## MOTION SEQUENCE 006

In this breach of contract action following a nonpayment of alleged debts, plaintiff Laura Leeds ("Leeds" or "plaintiff") moves, pursuant to CPLR § 3212, for summary judgment and a money judgment on her breach of contract cause of action for $210,000.00, plus costs and statutory interest from June 1, 2013.  Additionally, plaintiff seeks summary judgment dismissing defendant Nathanael Weinberger ("defendant")'s affirmative defenses and counterclaims.

## MOTION SEQUENCE 007

Defendant moves for summary judgment, seeking the dismissal of plaintiff's claim and the relief sought in their counterclaims as well as attorneys' fees.

[* 1]

## Background

Plaintiff alleges that she entered into an agreement with the defendant, via email, on September 2, 2012 ("September 2012 Email"), wherein plaintiff offered to reduce certain debts allegedly owed by defendant in exchange for defendant's payment of $240,000.00, with 6% interest, paid out over four years (NYSCEF Doc. No. 131). Plaintiff alleged these prior debts were personal loans. Previously, the defendant and plaintiff's now-defunct company, All City Tix LLC (hereinafter "All City"), had been in a business arrangement regarding the sale and re-sale of New York Yankees Season Tickets. On or around March 2012, plaintiff, on behalf of All City, communicated to defendant that All City no longer wanted to sell tickets and requested a refund. Plaintiff and All City then failed to pay an outstanding invoice for the tickets, leading to the New York Yankees reclaiming ownership over the remainder of the tickets.

In the September 2012 Email, defendant, while not referencing any "loan," made an offer to refund a portion of what he referred to as All City's investment which "did not go well." Defendant claims this was done as a good will gesture, and not as an acknowledgement of any previous debt that he would have owed to the plaintiff personally, as opposed to her now defunct company All City. Plaintiff never responded to the September 2012 Email. Defendant made payment totaling $30,000 towards the $240,000.00 plaintiff claims was owed to her. The plaintiff is now suing to recover the remaining amount due on the alleged loan plus interest, an amount she claims totals $300,000.00.

The plaintiff now moves for summary judgment and a dismissal of the defendant's counterclaims and affirmative defenses. The defendant moves for summary judgment dismissing the complaint, granting the relief sought in his counterclaims, and granting him attorneys' fees. As set forth in detail below, both motions should, in large part, be denied. There are numerous issues of fact concerning the nature of the transactions at issue which can only be resolved at trial.

## SUMMARY JUDGMENT

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once such a showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Rather than to determine the merits of any triable issues or to assess credibility, the court's function on a motion for summary judgment is merely to determine if any such issues exist (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010]). The facts must be viewed in the light most favorable to the non-moving party (*Stonehill Capital Mgt., LLC v Bank of the W.*, 28 NY3d 439, 448 [2016]).

However, bald, conclusory assertions or speculation and a shadowy semblance of an issue are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, then the motion for summary judgment must be denied (*Id.*).

## Plaintiff's Motion

To establish a prima facie breach of contract claim, a plaintiff must plead and prove that (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]).

The plaintiff maintains that she should be granted summary judgment because the defendant agreed to pay the plaintiff the reduced amount of the outstanding loan, pursuant to the 2012 Email, and failed to do so. The plaintiff claims that the parties entered into an agreement whereby the Plaintiff agreed to reduce the debts owed by Defendant to $240,000.00, and in exchange for this reduction, the Defendant agreed to pay the then principal of $240,000.00, with six (6%) interest, over four years, from June 1, 2013 through June 1, 2017, as set forth in the 2012 Email sent by the defendant to the plaintiff. Plaintiff alleges that the Defendant demonstrated his intent to be bound by the 2012 Email by first acknowledging his prior default on the previous loan and subsequently by making a partial payment of $24,000.00, and advising the balance of the first payment (i.e., $24,000.00) would be paid by November, 2013. But for the 2012 Email, there would not be an obligation by the defendant to pay the plaintiff $48,000.00 by June 1, 2013, and he would not have acknowledged an outstanding balance due on this payment.

The problem with the plaintiff's position is that they have not put forth sufficient evidence to prove their prima face case or to rebut the defendant's assertions. The same disputed factual issues identified by Justice Crane when she denied the defendant's pre-answer motion to dismiss are still material to the case at the end of a lengthy and contentious discovery period.

The first disputed factual issue is whether the 2012 Email constitutes an actual agreement between the parties that the defendant would pay back the pre-existing loans at a reduced principal with interest. Under New York law, to establish the existence of an enforceable agreement, a plaintiff must prove that a binding agreement was made as to all essential terms. Courts look to the basic elements of the offer and the acceptance to determine whether there is an "objective meeting of the minds sufficient to give rise to a binding and enforceable contract" (*Silber v New York Life Ins. Co.*, 92 AD3d 436, 439 [1st Dept 2012]). The September 2012 Email sent by the defendant was never replied to or acknowledged by the plaintiff. Additionally,, the 2012 Email refers to an investment by the plaintiff in purchasing Yankees tickets for resale, an investment that "did not go well" and/or was not as lucrative as the plaintiff has hoped.

657193/2019 LEEDS, LAURA vs. WEINBERGER, NATHANAEL
Motion No. 006 007

Page 3 of 6

3 of 6

[* 3]

There is no reference or indication that the defendant ever acknowledged the money given by plaintiff as a personal loan rather than as an investment. Plaintiff has not produced any checks or bank statements demonstrating that a personal loan was made. At best, the evidence submitted only suggests prior agreements between defendant and All City, a now defunct company, rather than between plaintiff and defendant. There is nothing that indicates that those prior agreements were a loan. Nor is there any indication that the 2012 Email was an acknowledgement of a prior loan or that the defendant intended to obligate himself to pay back a loan as opposed to returning a portion of an investment in order to, as stated in the 2012 Email "make a good will gesture."

It is not possible to resolve the parties' competing characterizations of their prior relationship on a summary judgment motion. A trial is required. The Court notes that while the parties were given an opportunity to conduct discovery after the motion to dismiss was denied, there is no indication that the parties took advantage of that opportunity in any meaningful way. The documents relied upon on these motions are largely the same documents that were deemed insufficient to prove anything of relevance on the prior motion to dismiss. Other e-mail and text exchanges have been produced subsequent to the denial of the motion to dismiss but they shed little light on the circumstances surrounding the parties' joint purchasing of Yankees tickets and, divorced from any context, are almost incomprehensible. It is also problematic that while the plaintiff seeks to enforce a supposed prior debt that was allegedly acknowledged in 2012, this action was not commenced until 2019. A trial may well indicate that the action is barred by the statute of limitations.

The defendant has also failed to prove any of his contentions. All of the communications at issue in this action were between Defendant and the Plaintiff personally. None of the emails between the parties reference a company known as "All City Tix LLC," and each email sent from the Plaintiff was sent from Plaintiff's own personal email account (*see*, Plaintiff's Exhibit "X", ¶¶ 41-44). Indeed, Defendant has not submitted admissible proof of any correspondence with, or payments received from, All City Tix LLC. The defendant has also not submitted any proof that would demonstrate as a matter of law that the money he received from the plaintiff was an investment rather than a personal loan.

While the Court would have thought that depositions would have been helpful in clarifying what occurred, it appears that no depositions were ever conducted, or if depositions were conducted, the parties have not provided transcript or made any references to them. The case is in exactly the same position as it was when it was commenced five years ago. Since the Note of Issue has been filed, discovery is now closed, and the parties must proceed to trial if they cannot otherwise settle the matter. Neither side has demonstrated their entitlement to summary judgment on the main claims asserted in the complaint and it would be inappropriate to dismiss the affirmative defenses given that there are viable issues of act concerning whether an enforceable contract was ever formed, the plaintiff's standing to sue, and whether the action was timely commenced.

657193/2019 LEEDS, LAURA vs. WEINBERGER, NATHANAEL
Page 4 of 6
Motion No. 006 007

[* 4]
4 of 6

## GBL § 349 Counterclaim

New York General Business Law § 349 states that deceptive acts or practices in the conduct of any business or in the furnishing of any service in the state is unlawful. Here, defendant has counterclaimed that plaintiff committed a deceptive act and unlawful practice violations by sending an improper negotiation email, in violation of GBL § 349. While the allegations are not a model of clarity, it appears as if the defendant is claiming that the plaintiff's former attorney violated GBL § 349 when he emailed the defendant and attempted to settle the matter without authorization from, or the knowledge of, the plaintiff. The former attorney is deceased. Left unaddressed is how the defendant would possibly have personal knowledge of what the plaintiff authorized her former attorney to do.

Regardless, the counterclaim has no merit and should be dismissed. The statute does not apply here since only it applies to actions which "have a broad impact on consumers at large," and private contract disputes usually do not fall within the reach of the statute (*New York Univ. v. Cont'l Ins. Co.*, 87 NY2d 308, 320 [1995]; *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 NY2d 20, 25 [1995]). Defendant has failed to demonstrate that the emails were sent by anyone other than plaintiff's prior attorney. The email was related to negotiation or settlement, were not improperly threatening or coercive, and there is no evidence offered that plaintiff had any involvement in drafting or reviewing her prior counsel's emails. For these reasons, defendant's GBL § 349 counterclaim is dismissed.

GBL § 349 provided the statutory basis for the defendant's claim for attorney's fees. As this claim is dismissed and the defendant has not set forth any other statutory or contractual provision allowing for the recovery of attorney's fees, that portion of the defendant's motion which seeks his attorney's fees is denied (*see Klein v Sharp*, 41 AD2d 926, 926 [1st Dept 1973] ["Attorneys' fees are merely incidents of litigation and are normally not recoverable absent contractual obligation or specific statutory authority"]).

## Conclusion

For the reasons set forth hereinabove, it is hereby

ORDERED that the plaintiff's motion for summary judgment (motion sequence 006) is GRANTED to the extent that the defendant's counterclaim is dismissed and is otherwise DENIED; and it is further

ORDERED that the defendant's motion for summary judgment (motion sequence 007) is DENIED; and it is further

ORDERED that the parties appear for a pre-trial conference in Part 41, room 327 of the courthouse located at 80 Centre Street, New York, NT 10013 on March 27 at 2:15 pm.

This constitutes the decision and order of the court.

## Mot. Seq. 001

| 1/3/2025 | | NICHOLAS W. MOYNE, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION |
|---|---|---|
| | [ ] GRANTED [ ] DENIED | [X] GRANTED IN PART [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE |

## Mot. Seq. 002

| 1/3/2025 | | NICHOLAS W. MOYNE, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | [ ] CASE DISPOSED | [X] NON-FINAL DISPOSITION |
|---|---|---|
| | [ ] GRANTED [X] DENIED | [ ] GRANTED IN PART [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT [ ] REFERENCE |

657193/2019  LEEDS, LAURA vs. WEINBERGER, NATHANAEL                Page 6 of 6
Motion No.  006 007

6 of 6